UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DEVON MATTHEWS,

                    Plaintiff,

          -against-

FREDDIE MILEY, et al.,

                    Defendants.

24-CV-7902 (CS)

ORDER

CATHY SEIBEL, United States District Judge:

Plaintiff has filed an Application for the Court to Request Counsel.  For the following reasons, Plaintiff's application is granted.

## LEGAL STANDARD

The *in forma pauperis* statute provides that the courts "may request an attorney to represent any person unable to afford counsel."  28 U.S.C. § 1915(e)(1).  Unlike in criminal cases, in civil cases there is no requirement that courts supply indigent litigants with counsel. *Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986).  Instead, the courts have "broad discretion" when deciding whether to grant an indigent litigant's request for *pro bono* representation.  *Id.*  Even if a court believes that a litigant should have a free lawyer, under the *in forma pauperis* statute, a court has no authority to "appoint" counsel, but instead, may only "request" that an attorney volunteer to represent a litigant.  *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 301-310 (1989).  Moreover, courts do not have funds to pay counsel in civil matters.  Courts must therefore grant applications for *pro bono* counsel sparingly, and with reference to public benefit, in order to preserve the "precious commodity" of volunteer lawyer time for those litigants whose causes are truly deserving.  *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172-73 (2d Cir. 1989).

In *Hodge*, the Second Circuit set forth the factors a court should consider in deciding whether to grant an indigent litigant's request for *pro bono* counsel.  802 F.2d at 61-62.  Of course, the litigant must first demonstrate that he or she is indigent, for example, by successfully applying for leave to proceed *in forma pauperis*. The court must then consider whether the litigant's claim "seems likely to be of substance" – "a requirement that must be taken seriously." *Id.* at 60-61.  If these threshold requirements are met, the court must next consider such factors as:

> the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues[,] and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.

*Id.*; *see also Cooper*, 877 F.2d at 172 (listing factors courts should consider, including litigant's efforts to obtain counsel).  In considering these factors, courts should neither apply bright-line rules nor automatically deny the request for counsel until the application has survived a dispositive motion.  *See Hendricks v. Coughlin*, 114 F.3d 390, 392-93 (2d Cir. 1997).  Rather, each application must be decided on its own facts.  *See Hodge*, 802 F.2d at 61.

## DISCUSSION

Plaintiff filed a Request to Proceed *in Forma Pauperis* (IFP), which the Court granted. (*See* Order dated October 23, 2024, ECF No. 5.)  Plaintiff therefore qualifies as indigent.

In the complaint, Plaintiff asserts claims under 42 U.S.C. § 1983, alleging an excessive force incident involving several employees at Sing Sing Correctional Facility.  Neither side has sought summary judgment and the case is therefore "of substance," *Hodge*, 802 F.2d 61-62, in the sense that the case will be going to trial.

The Court similarly finds that the other *Hodge* factors weigh in favor of granting Plaintiff's application.  Plaintiff, who is incarcerated, lacks the resources and ability to properly

2

prepare for a trial involving several defendants and a presumably substantial factual record. Further, Defendants have expressed a willingness to discuss the possibility of settlement, and counsel would assist Plaintiff in that process. In this case, representation would "lead to a quicker and more just result by sharpening the issues and shaping examination." *Hodge*, 802 F.2d at 61.

## CONCLUSION

For the foregoing reasons, Plaintiff's Application for the Court to Request Counsel is granted. The Court advises Plaintiff that there are no funds to retain counsel in civil cases and the Court relies on volunteers. Due to a scarcity of volunteer attorneys, a lengthy period of time may pass before counsel volunteers to represent Plaintiff. Nevertheless, this litigation will progress at a normal pace. If an attorney decides to take the case, the attorney will contact Plaintiff directly. There is no guarantee, however, that a volunteer attorney will take the case, and Plaintiff should be prepared to proceed with the case *pro se*. Of course, if an attorney offers to take the case, it is entirely Plaintiff's decision whether to retain that attorney or not.

SO ORDERED.

Dated: February 24, 2026
White Plains, New York

_____
CATHY SEIBEL
United States District Judge